**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Aggregate Products Co., | ) | No. CV-07-783-PHX-FJM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Wilbur-Ellis Company, | ) | |
| Defendant. | ) | |

In our order of October 5, 2007 (doc. 53), we asked the parties to supplement their Joint Motion to Approve Settlement (doc. 47) with a memorandum explaining the legal basis upon which the court could insulate them from liability to non-parties. In response, the court received a "Joint Motion for Clarification of the Court's order dated and filed 10/5/07" (doc. 54), which merely repeated the matters contained in the parties' original motion. This was uniquely unhelpful. We then received the parties' "Supplemental Memorandum" (doc. 55), which was more helpful.

Paragraph 4 of the proposed consent judgment is broad enough to purport to insulate the parties from claims for contribution or indemnity from any and all non-parties to the agreement. But the cases cited by the parties do not support such an extensive bar of all non-party claims. Instead, the cases rely on the Uniform Comparative Fault Act which (1) provides no bar protection to releasing plaintiffs and (2) provides bar protection to settling

1 defendants from claims of non-parties but only as they relate to plaintiff's claims, not the
2 claims of others. This is consistent with A.R.S. § 12-2504, Arizona's version of the Uniform
3 Contribution Among Tortfeasors Act, which provides that a good faith settlement both (1)
4 reduces plaintiff's claims against non-parties by the amount of the settlement and (2)
5 discharges the tortfeasor to whom it is given from all liability for contribution to any other
6 tortfeasor. Thus, if the plaintiff who gives the release sues a non-party, the settling tortfeasor
7 is protected from contribution claims by that non-party if the settlement is in good faith. But
8 that applies only to contribution claims made by non-parties in connection with claims made
9 by plaintiff. It does not purport to extend to claimants other than plaintiff.

10 As noted in our order of October 5, the rudiments of due process protect persons from
11 judgments and actions in which they were not parties. This is because they had no notice or
12 opportunity to be heard. The limited bar to contribution claims under A.R.S. § 12-2504(2)
13 is lawful because it neither enlarges the liability of a non-party nor deprives a non-party of
14 any right. The plaintiff's claim against a non-party is reduced by the amount of the
15 settlement.

16 The provisions of CERCLA, 42 U.S.C. § 9601 *et seq.*, that relate to contribution
17 follow this general path. For example, 42 U.S.C § 9613(f)(2) protects those who have settled
18 with the United States or a state from contribution claims regarding matters addressed in the
19 settlement. Note that the protection applies to the settling defendant only, and not the
20 plaintiff. And, as to the settling defendant, it protects against contribution claims only from
21 those who might otherwise be liable to the United States or a state regarding the same matter.
22 To the same effect is 42 U.S.C. § 9622(g)(5). And, 42 U.S.C. § 9657 renders any such
23 contribution bar ineffective whenever it would constitute a taking under the Fifth
24 Amendment.

25 This court has no problem approving this settlement and providing the parties with
26 the protection to which they may be entitled under federal and state law. But the contours
27 of that protection are more narrow than those proposed in paragraph 4 of the proposed
28

- 2 -

consent decree. We shall be happy to sign the proposed consent decree if the parties will substitute the following new paragraph 4 in place of the proposed paragraph 4.

>   4. Because of our finding in paragraph 3 above, the release given by Aggregate Products to Wilbur-Ellis discharges Wilbur-Ellis from all liability for contribution to any other tortfeaser who may be liable to Aggregate Products for claims arising out of the subject matter of the settlement agreement. Similarly, the release given by Wilbur-Ellis to Aggregate Products discharges Aggregate Products from all liability for contribution to any other tortfeasor who may be liable to Wilbur-Ellis for claims arising out of the subject matter of the settlement agreement.

In the alternative, if the parties believe the above proposal is too specific, the following substitute paragraph 4 would also be acceptable.

>   4. Because of our finding in paragraph 3 above, the parties are entitled to whatever protection federal and state law might afford them with respect to the claims of others arising out of the subject matter of the settlement agreement.

If either alternative is acceptable to the parties, they may amend their proposed consent judgment and file and lodge it with the court.

DATED this 18th day of October, 2007.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge